NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1394
_____

UNITED STATES OF AMERICA

v.

WILLIAM D. EDGAR,

Appellant
_____

On Appeal from the United States District Court
for the Western District of  Pennsylvania
District Court  No. 2-07-cr-00154-001
District Judge: The Honorable Gary L. Lancaster

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 10, 2011

Before: SMITH, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed: June 13, 2011)

_____

OPINION
_____

SMITH, *Circuit Judge.*

Pursuant to the terms of a written plea agreement, William D. Edgar waived

his right to an indictment and pleaded guilty to a three-count information in the

United States District Court for the Western District of Pennsylvania. The information charged Edgar with a conspiracy in violation of 18 U.S.C. § 371, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud in violation of 18 U.S.C. § 1344. The charges were based on Edgar's participation in a scheme to defraud federally insured financial institutions by submitting materially false statements in mortgage loan applications. The plea agreement contained a broad waiver of Edgar's right to appeal his conviction or sentence. In addition, the agreement set forth stipulations by the parties regarding the calculation of Edgar's offense level based on the amount of the loss, his role in the offense, and his acceptance of responsibility. At sentencing, after noting the applicable stipulations, the District Court determined that Edgar's offense level was 21 and that his criminal history score was I, yielding a sentencing guidelines range of 37 to 46 months. At the conclusion of the sentencing proceeding, the District Court imposed, *inter alia*, concurrent sentences of 37 months of imprisonment on each count.

Edgar appealed.[1] He contends that the District Court abused its discretion because it failed to adequately consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and to grant a downward variance. In a second argument Edgar asserts that the Court abused its discretion in refusing to grant a downward

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

departure or variance on the basis that the stipulated amount of loss overstated the actual loss. The government invokes the appellate waiver contained in the plea agreement and submits that it should be enforced. In the alternative, the government asserts that Edgar's arguments lack merit.

The issues that Edgar raises on appeal fall within the scope of the appellate waiver. Because Edgar acknowledges that his appellate waiver was knowing and voluntary, we consider "whether enforcing the waiver would work a miscarriage of justice." *United States v. Jackson*, 523 F.3d 234, 244 (3d Cir. 2008). Edgar acknowledges that his sentencing guideline was correctly calculated and that his sentence is within the guideline range. Nonetheless, he contends that the waiver should be set aside because the District Court's failure to give any meaningful consideration to the § 3553(a) sentencing factors constitutes a miscarriage of justice. According to Edgar, the Court merely listed the § 3553(a) factors and did not explain the weight it accorded the evidence Edgar adduced to mitigate his sentence.

In *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001), we declined to invalidate appeal waivers based on any particular legal or factual claim, choosing instead to consider several factors in deciding whether to vacate an otherwise valid waiver. *Id.* at 563 (endorsing the approach in *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)). Central to this inquiry is whether the District Court erred.

3

We find no error. It is clear from a review of the record before us that the District Court did more than simply list the factors. It specifically noted the circumstances Edgar cited in support of a downward variance. It chose, however, after noting, *inter alia*, the ongoing nature of the offenses, the elaborate scheme used to defraud the mortgage brokers, the significant loss Edgar caused to several institutions, and the seriousness of the offenses, to impose a sentence at the bottom of the sentencing guidelines. Accordingly, we conclude that there is no basis for setting aside the valid appellate waiver and we will affirm the judgment of the District Court.[2]

---

[2] Inasmuch as we have concluded that the appellate waiver is valid and effective, we do not reach Edgar's arguments on the merits. For that reason, we deny as moot defense counsel's motion to file a supplemental reply brief citing new authority to address one of Edgar's substantive arguments. We also deny Edgar's pro se motions to proceed pro se and to amend the appellate brief in order to raise the same authority.